Dear Mr. Boudreaux:
This office is in receipt of your opinion request of recent date wherein you ask whether the Attorney General concurs that the Governor of the State of Louisiana has the authority to renegotiate the terms of and sign amendments and extensions to existing compacts?
The Tribal-State Class III Gaming Compact ("Compact") is instructive in resolving the issue about which you have inquired. Section 15 (A) of the Compact contains the following language:
 "This Tribal-State Compact shall become effective and binding upon the (name of tribe) and the State of Louisiana upon the publication in the Federal Register of notice of approval by the Secretary of the Interior of the United States of America."
The existing compacts were signed by the previous Governor and the Tribal Chairmen. They were then approved, signed, and published by the Secretary of the Interior of the United States of America. They are, therefore, effective documents (cf. Langley v. Edwards872 F. Supp. 1531, 1534 (W.D.La., Jan 03, 1995) (No. Civ. A. 94-1953); affirmed 77 F.3d 479 (5th Cir. (La.) Jan 12, 1996).
Section 13 of the Compact(s) is entitled "Amendment and Revision" and addresses amendments and revisions to the Compact(s). As will appear from Section 13 (A), the pertinent portion of which is quoted below, the Compact may be (and may only be) amended by written instrument signed by the appropriate Tribal Chairman and the Governor, and approved by the Secretary. Therefore, the Compact contemplates amendments and revisions and that it will be the Governor who will act on behalf of the State.
 "This Tribal-State Compact may be amended only through a written instrument that is signed by the Tribal Chairman of the (name of tribe) and the Governor of the State of Louisiana, and that is approved by the Secretary of the Interior of the United States of America."
It should also be noted that Section 15 (C) provides that the Compact(s) will automatically renew for seven (7) year periods, unless the State or a Tribe affirmatively acts to interrupt the automatic renewal. Accordingly, a Governor may extend a compact, on its existing terms, by simply doing nothing. On the other hand, if he wishes to terminate a compact or to extend a compact on different terms, Section 15 contains a procedure whereby the automatic renewal may be dispensed with and negotiations had. Section 15 (C) states the following:
 "This Tribal-State Compact shall automatically be extended for terms of seven (7) years, unless the (name of tribe) or the State of Louisiana provides written notice of non-renewal not less than 180 days prior to the expiration of the original term of this Tribal-State Compact or any extension thereof."
Accordingly, because "[T]he Compact is valid under IGRA because it was approved by the Secretary of the Interior. In the present case, the compact comports with the provisions of IGRA" (Langley v. Edwards872 F. Supp. 1531 (W.D.La, Jan 03, 1995); the Compact itself provides for its amendment and revision and contemplates that it may be extended, and that the Governor will act for the State in such cases; and permits the Governor to either extend the compact on its existing terms by inaction, or follow the Compact procedure to terminate, renegotiate, amend, or extend it; I concur that the Governor of the State of Louisiana has the authority to renegotiate the terms of and sign amendments and extensions to existing Compact(s).
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: __________________________ JAMES A. SMITH, II ASSISTANT ATTORNEY GENERAL JAS: sab